UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HERBERT S. PENROSE,

Plaintiff,

v.

QUALITY LOAN SERVICE CORP., *et al.*,

Defendants.

Case No. 3:19-cv-00027-MMD-CBC

ORDER

**I.   SUMMARY**

Pro se Plaintiff Herbert S. Penrose brings this action to prevent nonjudicial foreclosure of residential property located at 3275 Lymbery Street, Reno, NV, 89509 ("Property"). (*See, e.g.*, ECF No. 1 at 3.) Defendants U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Pass-Through Certificates, Series 2005-8 ("U.S. Bank"), Nationstar Mortgage, LLC dba Mr. Cooper ("Nationstar"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "MTD Defendants") move to: dismiss Plaintiff's complaint ("Complaint"); to have Plaintiff declared a vexatious litigant; and to expunge Plaintiff's filing of a notice of lis pendens against a property not at issue in the Complaint ("Motion"). (*See generally* ECF No. 8.) Plaintiff's response was due on March 11, 2019. (*See id.* (docket).) To date, Plaintiff has not responded to the Motion. For the reasons stated below, the Court grants the Motion. Defendants' motion to stay (ECF No. 10) is denied as moot.

///
///
///
///
///

1  **II.     BACKGROUND**

The facts of this case are taken from documents in the public record, unless otherwise indicated:[1]

In May 2005, non-party Randall G. Sotka obtained a loan from First Magnus Financial Corporation ("Lender") in the amount of $180,000 ("Loan") to finance the purchase of the Property. (ECF No. 8-1.) The Loan was secured by a deed of trust ("DOT") recorded against the Property. (*Id.*) The DOT named MERS as the beneficiary and nominee for Lender and Lender's successors and assigns. (*Id.* at 2.) *Inter alia*, the DOT provides:

> **20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under this Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.

(*Id.* at 12–13.)

On August 31, 2005, Sotka recorded a quitclaim deed from Randall G. Sotka to Randall G. Sotka, as Trustee of Randall G. Sotka Revocable Living Trust and from the latter to MASTER RE, LLC. (ECF Nos. 8-2, 8-3.) In July 2007, Sotka sold the Property to Plaintiff and recorded an affirmation agreement ("Agreement") and affirmation deed of trust in favor of Plaintiff. (ECF Nos. 8-4, 8-5[2].) Under the Agreement, Plaintiff accepted the

///

---

[1]The Court takes judicial notice of the exhibits cited in this section (ECF Nos. 8-1, 8-2, 8-3, 8-4, 8-5, 8-6, 8-7) as recorded with the Washoe County Recorder and are thus matters within the public record. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

[2]ECF No. 8-5 appears to provide the wrong property address as: 3265 Lymbery Street, Reno, NV, 89509. (*Id.* at 3.) However, the Court has reconciled that the document pertains to the pertinent Property as both ECF No. 8-1 and ECF No. 8-5 recognize the Property as: Parcel 2 of Parcel Map No. 3833, for BARD-NEVADA BUILDERS, INC., according to "map thereof" filed with the Washoe County recorder on January 10, 2002, as file no. 2638913. (ECF No. 8-1 at 4; ECF No. 8-5 at 3.)

obligation to perform all the terms of Sotke's original note ("Note") and DOT. (ECF No. 8-4 at 3.) The Agreement provided that Sotke remained liable on the Note and DOT, despite the sale to Plaintiff. (*Id.*) The Agreement further provided that Plaintiff would pay damages to Sotke if Plaintiff failed to meet what amounts to Sotke's responsibilities under the Note and the failures resulted in a notice of default being recorded against the Property. (*Id.* at 3–4.)

MERS assigned the DOT to U.S. Bank in December 2012. (ECF No. 8-6.)

Due to default on the Note, a Notice of Breach and of Election to Cause Sale of Real Property under Deed of Trust was file against the Property on May 17, 2018. (ECF No. 8-7.) On October 9, 2018, a notice of trustee's sale was recorded, indicating the Property would be sold at auction at 11:00 AM on November 1, 2018. (ECF No. 8-9.)

Plaintiff filed this case on January 17, 2019, asserting the following claims: (1) lack of standing/wrongful foreclosure; 2) fraud in the concealment; 3) fraud in the inducement; 4) intentional infliction of emotional distress; 5) slander of title; 6) quiet title; 7) declaratory relief; 8) violations of TILA and HOEPA; 9) violations of RESPA; and 10) rescission. (ECF No. 1 at 13–33.) Plaintiff also filed a notice of lis pendens, but with respect to a property located at 495 Isbell Road, Reno, Nevada 89509—not at issue in the Complaint. (ECF No. 2 at 2.)

MTD Defendants filed the Motion on February 25, 2019. (ECF No. 8.) Plaintiff has not responded to the Motion. MTD Defendants subsequently filed a motion to stay discovery until this Court rules on the Motion. (ECF No. 10.)

**III.   LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted).

**IV. DISCUSSION**

With the Complaint, Plaintiff essentially challenges the Defendants' rights to enforce the Note and DOT and foreclose on the Loan attached to the Property laden with

4

allegations of improper transfers, deficiencies, fraud and misrepresentation in the securitization process. (*See generally* ECF No. 1.)

MTD Defendants move to dismiss the Complaint, contending: (1) Plaintiff lacks standing to bring claims related to the Loan—because the Loan was originated two years prior to Plaintiff acquiring an interest in the Property; (2) Plaintiff's claims are time-barred; (3) Courts have uniformly rejected claims based on improper securitization; and (4) Plaintiff fails to allege viable claims. (ECF No. 8.) The Court finds Defendants are entitled to dismissal of this action because Plaintiff failed to oppose the Motion and lacks standing to bring the asserted claims. Therefore, the Court does not address MTD Defendants' additional arguments on their merits.

### A. Plaintiff's Failure to Timely Oppose the Motion

Plaintiff has failed to timely file (or file at all) any points and authorities in opposition to the Motion. Therefore, under Local Rule 7-2(d) Plaintiff is deemed to have consented to the dismissal of his Complaint. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 . . . constitutes a consent to the granting of the motion.").[3] Thus, as an initial matter, the Court grants the Motion based on Plaintiff's failure to file opposing points and authorities.

### B. Standing

"The party invoking federal jurisdiction, [here Plaintiff], bears the burden of establishing [the constitutional minimum of standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 61 (1992). Three elements must be met to establish standing: (1) the plaintiff must have suffered an injury in fact –an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—

///

---

[3] MTD Defendants also contend that Plaintiff failed to effectuate proper service on Defendants. (ECF No. 8 at 6.) The Court does not address the issue here because MTD Defendants do not contend they were prejudiced by the failure or seek dismissal on this basis.

the injury has to be fairly . . . traceable to the challenged action of the defendant; and (3) it must be likely—not speculative—that the injury will be redressed by a favorable ruling in the action. *Id.* at 560 (citations and alterations omitted). These elements are an indispensable part of a plaintiff's case and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation. *Id.* at 561 (citations omitted).

Here, all the claims Plaintiff asserts in his Complaint pertains to his alleged participation in the original loan transaction, and/or deficiencies in the process of securitizing the Loan. (*See* ECF No. 1 at 13–33.) Most relevantly, Plaintiff alleges in the Complaint that "On or about May 26, 2005, Plaintiff entered into a consumer credit transaction with First Magnus by obtaining a $180,000.00 mortgage loan secured by Plaintiff's principle residence . . . Plaintiff's loan was securitized, with the Note not being properly transferred to Defendant, U.S. BANK . . . holding plaintiff's note." (ECF No. 1 at 7, ¶¶ 29, 30.) These allegations undergird the remainder of the Complaint. (*See generally* ECF No. 1.) However, the judicially noticed documents here show that Plaintiff lacks standing to assert claims related to the original loan transaction—including the Note and DOT—or the securitization of the Loan.

First, as noted, the judicially noticed documents specifically show Sotke obtained the Loan to finance the Property in May 2005 (ECF No. 8-1) and Plaintiff did not acquire the Property until July 2007 (ECF Nos. 8-4, 8-5). Thus, Plaintiff neither borrowed this Loan from First Magnus nor was involved in its securitization, or any of the original loan transactions. Thus, Plaintiff's claims fail to the extent they are based on Plaintiff's involvement in the original loan transaction.

Second, Plaintiff's claims regarding loan securitization also fail for lack of standing. Plaintiff alleges there were deficiencies in the Loan's securitization process based on the requirements of the applicable Pooling and Servicing Agreement ("PSA") relating to the Note and DOT. (*See, e.g.*, ECF No. 1 at 6, 8.) However, even a borrower lacks standing

to challenge the transfer or securitization of his loan. *See, e.g.*, *Viloria v. Premium Capital Funding LLC*, 2012 WL 4361252, at * 3 (D. Nev. Sept. 20, 2012) (citations omitted) ("Plaintiffs lack standing to challenge the assignments of the Note and Deed of Trust and lacks standing to enforce or assert claims arising under the trust purchase agreement or Pooling and Servicing Agreement ("PSA") surrounding the 'securitization' of the Note.") (collecting cases); *see also Wood v. Germann*, 331 P.3d 859, 859 (Nev. 2014) ("We conclude that a post-closing-date loan assignment does not render the assignment void, but merely voidable, and that a homeowner therefore lacks standing to rely on the timing of the assignment as a basis for challenging the subsequent purchaser's authority to enforce the loan."); *Dauenhauer v. Bank of N. Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (citations omitted) ("Courts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with Pooling and Servicing Agreement provisions, based on borrowers' lack of standing . . . Borrowers do not dispute that they were not parties to or third-party beneficiaries of the Pooling and Servicing Agreement at issue. As a result, the district court rightly determined Borrowers lack standing.").

Accordingly, the Court dismisses Plaintiff's Complaint with prejudice because he lacks standing to assert any claim related to the original loan transaction or issues pertaining to securitization and the related PSA. The Court additionally expunges from the record the lis pendens of the unrelated property that Plaintiff filed in this matter (ECF No. 3).

**C.     Vexatious Litigant**

MTD Defendants ask the Court to declare Plaintiff a vexatious litigant based on Plaintiff filing the same complaint and the same types of claims which he has failed to succeed on in multiple cases (ECF No. 8 at 14). (*See, e.g.*, ECF Nos. 8-17, 8-23, 8-26.) MTD Defendants seek a declaration preventing Plaintiff from filing any further litigation for any future claim arising from a loan by Sotka against MTD Defendants. (ECF No. 8 at 14.) For the reasons below, the Court declines to rule on the request at this time.

Federal courts have the authority to issue prefiling orders to prevent litigants from filing meritless lawsuits and abuse the judicial system. The Court deems MTD Defendants' declaration request as essentially seeking such an order. *See, e.g.*, *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1056–57 (9th Cir. 2007) However, such a declaration would amount to an extreme remedy, and the Court must provide the party against whom declaration is sought notice and an opportunity to be heard on the issue. *Id. at 1057; De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990).

Here, the Court has not provided Plaintiff with required notice and opportunity, and therefore declines to rule on MTD Defendants' request to declare Plaintiff a vexatious litigant at this time. However, Plaintiff is deemed to be hereby on notice of MTD Defendants' request and within 15 days of the entry of this order must explain in writing why he should not be declared a vexatious litigant. Failure to provide an explanation will result in the Court proceeding with consideration of the issue, unless MTD Defendants choose to withdraw their request and have this case closed.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that MTD Defendants' motion to dismiss (ECF No. 8) is granted. Dismissal will be with prejudice. The motion to stay discovery until the motion to dismiss has been decided (ECF No. 10) is therefore denied as moot.

It is further ordered that Plaintiff's notice of lis pendens (ECF No. 3) is expunged from the record in this matter.

It is further ordered that the Court declines to rule on MTD Defendants' request to have Plaintiff declared a vexatious litigant at this time because Plaintiff has not been provided with notice and opportunity to be heard on the issue. However, Plaintiff is deemed to be hereby on notice of MTD Defendants' request and within 15 days of the entry of this

order must explain in writing why he should not be declared a vexatious litigant. Failure to provide an explanation will result in the Court proceeding with consideration of the issue, unless MTD Defendants choose to withdraw their request and have this case closed.

DATED THIS 25th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE