UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERBERT S. PENROSE, | Case No. 3:19-cv-00027-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| QUALITY LOAN SERVICE CORP., *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

On March 25, 2019, the Court issued its order ("MTD Order") granting MTD Defendants'[1] motion to dismiss ("Motion") pro se Plaintiff Herbert S. Penrose's Complaint. (ECF No. 11.) In their Motion, MTD Defendants asked the Court to declare Plaintiff a vexatious litigant based on Plaintiff filing the same types of claims which he has failed to succeed on (ECF No. 8 at 14). Having provided Plaintiff notice and opportunity to respond, the Court will now grant MTD Defendants' request and declares Plaintiff a vexatious litigant to the extent provided below.

**II.  BACKGROUND**

MTD Defendants particularly seek a declaration preventing Plaintiff from filing any further litigation for claims arising from a loan borrowed by Randall G. Sotka against MTD Defendants. (ECF No. 8 at 14.) The Court declined to rule on the vexatious litigant issue at the time it issued the MTD Order because Plaintiff had not been provided notice and an opportunity to be heard regarding the extreme remedy (ECF No. 11 at 7–9). *See, e.g.*, *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1056–57 (9th Cir. 2007); *De Long v.*

///

---

[1] The term "MTD Defendants" collectively refers to Defendants U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Pass-Through Certificates, Series 2005-8 ("U.S. Bank"), Nationstar Mortgage, LLC dba Mr. Cooper ("Nationstar"); and Mortgage Electronic Registration Systems, Inc. ("MERS").

1 | *Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). However, the MTD Order informed Plaintiff that he was effectively put on notice of MTD Defendants' request to have him declared a vexatious litigation. (*Id.* at 8.) The Court also gave Plaintiff 15 days from the entry of the MTD Order to "explain in writing why he should not be declared a vexatious litigant." (*Id.*) To date, Plaintiff has failed to respond to the MTD Order.

## III.   DISCUSSION

The Court has "inherent power" to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long*, 912 F.2d at 1147 (quotation and citation omitted); *see also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). However, a court must approach the act of declaring a litigant vexatious with caution and pre-filing orders to that effect "should rarely be filed." *Id.* (citations omitted).

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *Id.* First, to be compliant with the requirements of due process the court must provide the litigant "an opportunity to oppose the order before it is entered" *Id.* Second, to ensure adequate review, the court should provide "a listing of all the cases and motions that led the . . . court to conclude that a vexatious litigant order was needed." *Id.* (citation omitted). "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* (citations omitted). The court must look at "both the number and content" of the litigant's filing and make substantive findings regarding the frivolousness or harassing nature of the filings. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). While the court's frivolousness finding is not number-dependent, litigiousness alone is insufficient—the litigant's claims must be without merit. *Id.* Finally, the court "should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id.* (citations omitted).

///

Here, the first guideline requirement was met when the Court provided Plaintiff notice and opportunity to respond per the MTD Order. As to the second and third requirements, Plaintiff has filed at least three cases in this Court—including this case—asserting the same claims, concerning the same Property,[2] and against the same Defendants or their predecessors-in-interest. *See Penrose v. First Magnus Fin. Corp.*, No. 3:18-cv-00276-RCJ-VPC, 2018 WL 3550249 (D. Nev. July 24, 2018); *Penrose v. First Magnus Fin. Corp.*, No. 3:18-cv-00576-MMD-CBC.[3] All three cases have been found unmeritorious. Because the Court's finding of frivolousness is not based on numbers, the Court finds that the repetitious content of these filings warrants the conclusion that Plaintiff is a vexatious litigant in such respects—filing the same frivolous claims. The Court finds that it would not be overbroad or unfair to preclude Plaintiff from filing any further litigation based on claims arising from a loan borrowed by Randall G. Sotka concerning real property Plaintiff later purchased from Sotka against named Defendants without first seeking Court approval. An order in this regard serves the aims of conserving the resources of the Court and parties, to prevent (or limit) abuse of the judicial system, and is no more restrictive than necessary to meet such aims while protecting Plaintiff's right to bring legitimate actions in the future.

**IV. CONCLUSION**

It is therefore ordered that MTD Defendants' request to have Plaintiff declared a vexatious litigant is granted. The Court declares that Plaintiff is a vexatious litigant in accordance with this order.

///

///

///

---

[2] The only meaningful difference between this action and the other two actions filed in this Court is that in his Complaint here Plaintiff scratches out "3285" Lymbery Street Reno, NV 89509 and handwrites in "3275" Lymbery Street Reno, NV 89509. (*Compare* ECF No. 8-23 at 4 & ECF No. 8-26 at 6 *with* ECF No. 1 at 3.)

[3] MTD Defendants also attached to their Motion exhibits of state court cases wherein Plaintiff raised the same claims he raised in this Court. (*See, e.g.*, ECF Nos. 8-17, 8-19, 8-21, 8-26.)

|   |   |
|---|---|
| 1 | It is further order that Plaintiff is specifically precluded from filing any further |
| 2 | litigation based on claims arising from a loan borrowed by Randall G. Sotka concerning |
| 3 | real property Plaintiff later purchased from Sotka against named Defendants (or their |
| 4 | predecessors or successors-in-interest) without first seeking Court approval. Named |
| 5 | Defendants includes MTD Defendants—U.S. Bank, Nationstar, MERS—and Defendants |
| 6 | Quality Loan Service Corp, First Magnus Financial Corporation, Greenwich Capital |
| 7 | Financial Products, Inc., Greenwich Capital Acceptance, Inc., and Countrywide Home |
| 8 | Loan Servicing LP. |

The Court has dismissed claims against all Defendants. (ECF Nos. 11,15.) Accordingly, the Clerk is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 14th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE